KIMMONS, d.b.a. KIMMONS MOTORS *v.* JAMES

No. 42212          February 26, 1962          137 So. 2d 912

536

*W. Vol Jones, Sr.,* and *W. Vol Jones, Jr.,* Waynesboro, for appellant.

*Stanford Young, Woodrow Jones,* Waynesboro, for appellee.

Lee, P. J.

O. F. Kimmons, doing business as Kimmons Motors, filed suit against Elbert James to recover a deficiency judgment, growing out of the defendant's failure to carry out the terms of a conditional sales agreement

for the purchase of a Ford car. The declaration charged that Kimmons, on November 17, 1956, sold to James the 1957 model Ford in question for the sum of $3,599.70; that a down payment was made in the sum of $749.70, leaving a balance of $2,850.00 represented by a conditional sales contract and note payable in thirty monthly installments of $95.00 each; that this contract was sold and assigned by him to Universal C. I. T. Credit Corporation; that James defaulted in his monthly payments and notified the credit corporation that he was unable to make them; that the credit corporation, in turn, instructed James to deliver the automobile to Kimmons Motors for storage; that the automobile was surrendered to Kimmons Motors accordingly; that thereafter Kimmons paid the credit corporation the balance due thereon; and that Kimmons subsequently sold the automobile at auction for $1,610.00, leaving a deficiency of $455.48. The demand was for that amount, plus fifteen per cent thereof for an attorney's fee, as provided in the conditional sales contract, or a total of $523.80.

The defendant, in his answer, denied certain allegations of the declaration, and set up as a defense that "he did purchase an automobile and paid $749.70 down and several monthly payments, but at the instance of the plaintiff and their agent and U. C. I. T. returned the car with the understanding that the car being returned would cancel all remaining debts."

At the conclusion of the evidence, the plaintiff's requested peremptory instruction was refused. The cause was submitted to the jury, without instructions for the plaintiff, and the jury found for the defendant. From the judgment entered, the plaintiff appealed.

The sole error assigned by the appellant was the refusal of the court to give his requested peremptory instruction.

The evidence for the plaintiff conformed to and established the allegations of his declaration.

The defendant, called as an adverse witness for cross-examination, admitted that he signed the conditional sales agreement and that he got behind with his payments. Subsequently on direct examination, he testified that he discussed with a representative of the Universal C. I. T. Corporation his inability to pay his notes; that the representative told him that, if he could not pay, he would have to turn the car over to Kimmons and leave it there; and that the representative said, "Well, carry it back to Mr. Kimmons and discuss it with him or Dick Jordan and" he said, "as far as us, you won't owe anything on it to us." Counsel for the plaintiff objected to that statement, but the objection was overruled.

The defendant also testified that he had a conversation with Dick Jordan and that Jordan agreed that, if James would turn in the car at that time, without further wear and tear, the defendant would owe nothing further and the contract would be cancelled. The appellant objected to that statement, but the objection was overruled. The plaintiff then moved to strike the statement and called the attention of the court to the contract which, at that time, was owned by Universal C. I. T., and in which it was specifically provided that Kimmons Motors was not an agent or servant to assist Universal C. I. T. But this motion was overruled.

Plaintiff had admitted only that Dick Jordan was his sales manager with authority to trade cars, but he said that neither Jordan nor any representative of Universal C. I. T. had reported the conversation about which James was talking. The evidence did not show that Jordan had authority to forgive promises to pay or cancel notes. Besides, he did not testify. ▮▮ ▮ Obviously the alleged statements of both Jordan and ▮▮▮ the unnamed agent of Universal C. I. T. were not admissible. Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495. The objections therefore should have been sustained.

One provision of the conditional sales contract is as follows: "Customer admits that Seller is not Universal C. I. T.'s agent for any purpose."

It was also provided in the contract that "If Customer defaults on any obligation under this contract, or if the holder shall consider the indebtedness or the car insecure, the full balance shall without notice become due forthwith, together with a reasonable sum (15% if permitted by law) as attorney's fees, if this contract is placed with an attorney. Customer agrees in any such case to pay said amount or, at holder's election, to deliver the car to the holder, and holder may, without notice or demand for performance or legal process, take possession of it and custody of anything found in it, and retain all payments as compensation for use of the car while in Customer's possession. The car may be sold with or without notice, at private or public sale (at which the holder may purchase) with or without having the car at the sale; the proceeds less all expenses shall be credited on the amount payable hereunder; Customer shall pay any remaining balance forthwith as liquidated damages for the breach of this contract and shall receive any surplus."

Again the contract provided that "No change in this contract shall be binding unless in writing signed by an officer of Universal C.I.T."

At the time of the pretended cancellation of the contract, the plaintiff was not an agent of Universal C.I.T., and the holder had made no change in writing in the contract. Besides, the defendant did not show that the alleged agent of Universal C.I.T. had authority to forgive him of his debt to the company—he did not even know the name of the representative. The defendant, under his contract was obligated to make thirty monthly payments of $95.00 each. He made only five of such payments. He was still under obligation to make the other twenty-five. Instead of doing what he was legally

required to do, he said that somebody, whose name he did not give, a representative of the company, told him if he would give up the car, he would be forgiven of any responsibility to make the additional payments, or any amount which might remain after the security had been exhausted.

When James quit making payments, it was his duty, under the contract, to surrender the car. At the time he surrendered the car, he did only what he was already obligated to do. Obviously there was no consideration whatever for the alleged cancellation of the contract.

In 17 C. J. S., Contracts, Sec. 112, pp. 465-6, it is said: "The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration, as he is doing no more than he was already obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit. * * * Also, there is no consideration * * * for a promise by a mortgagee in consideration of the surrender of the mortgaged premises by the mortgagor after condition broken to save the mortgagee trouble in getting possession; * * *."

In Hattiesburg Production Credit Ass'n. v. Smith, 191 Miss. 119, 1 So. 2d 768, the note was in default. It was contended that a rent check, smaller than the amount of the note, was given in part payment of the debt with the agreement and understanding that it would effect an extension of the loan. This Court said that "an agreement to extend payment, in order to be binding, must be supported by sufficient consideration". The opinion described the agreement, if made, as "a mere indefinite indulgence" and said that it was not a sufficient consideration to support an executory agreement. In other words, in that case, the debtor paid a portion of the debt, and the Court held that such

payment was not a sufficient consideration for extending the note. In the present case, the debtor paid nothing at the time—he merely gave up the car. If he had tried to hold it, he would have violated his obligation under the contract. His surrender cannot be classed as a legal detriment to him because he did not forego some advantage or benefit or part with a right which he might otherwise exert. See 12 Am. Jur., Contracts, Sec. 81, p. 576; Leggett v. Vinson, 155 Miss. 411, 124 So. 472, and authorities there cited. Compare also Sadler v. Lee, 232 Miss. 349, 98 So. 2d 863.

The defense to this suit was without sufficient legal consequence. James owed the debt and did not extinguish it. The appellant's requested peremptory instruction should have been given.

From which it follows that the cause must be reversed; and a judgment will be entered here for the appellant in the sum of $523.80 plus interest at six per cent per annum from July 13, 1961.

Reversed and judgment here for appellant.

*Arrington, McElroy, Rodgers* and *Jones, JJ.,* concur.